IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARVIN TILLMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-883-MJR |
| | ) |
| **RANDY POLLARD, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Darvin Tillman, currently an inmate in the Jefferson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

On January 15, 2009, the Cook County Department of Corrections transferred Tillman to the Jefferson County detention facility. Several months later, in September 2009, Defendant Pollard conducted a disciplinary hearing, apparently due to an incident that occurred at the Jefferson County facility on August 26, 2009. Details about this incident are sketchy, but it seems there may have been an altercation between Tillman, detainee Clarence Rogan, and perhaps some other detainees. Tillman states that Rogan waived his hearing in order to prepare a defense, so Rogan was provided with a copy of the incident report. Tillman asserts that this report contained information about each detainee involved in the incident. Tillman has attached a copy of this report as an exhibit to the complaint; this report also contains information about a third detainee, Roman Formin, in addition to information about Tillman. The information contained about each inmate includes home address, date of birth, gender, race, height and weight. Thus, he claims that Defendants Mulch and Pollard violated his rights by providing this information to Rogan, who is a member of a rival gang.

Although prison officials have a duty to protect prisoners from known threats of violence by other prisoners, Tillman makes no claim that he has suffered any harm due to Rogan's possession of the incident report. Further, Tillman makes no allegation that he is in danger of any imminent threat from Rogan due to Rogan's possession of this disciplinary report. Moreover, information regarding his residential address and date of birth are matters of public record; Rogan was not provided with any information that could not be readily obtained elsewhere.

Thus, Tillman's allegations do not rise to the level of a constitutional violation, and he has failed to state a claim upon which relief may be granted. His complaint does not survive review under § 1915A and, accordingly, this action is **DISMISSED** with prejudice. Tillman is advised that

the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 26th day of April, 2010.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**
